IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| W. FRANCESS COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:06CV00026 |
| | ) | |
| POLICE OFFICER M. THOMAS 6456, | ) | |
| in his official capacity as an officer for the | ) | |
| Chapel Hill, NC police department, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM OPINION</u>

BEATY, District Judge.

This matter is before the Court on a Motion to Dismiss [Document #5] by Defendant M. Thomas, a police officer with the Town of Chapel Hill, North Carolina. Plaintiff W. Francess Cole ("Plaintiff") filed this suit on December 12, 2005 in the Superior Court of Orange County, North Carolina, alleging claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 for "unlawful and unreasonable arrest, search and seizure, imprisonment . . . [and] intentional punishment" and claims under state law for "false imprisonment, malicious prosecution, intentional and negligent infliction of emotional distress and negligence," all related to incidents that occurred when Plaintiff was taken into custody on September 17, 2002. Defendant removed the case to this Court, and filed the present Motion to Dismiss, contending that Plaintiff's claims are barred by the doctrine of <u>res judicata</u> and by the statute of limitations. Plaintiff has not responded to the Motion to Dismiss.

The Court has reviewed the claims and notes that Plaintiff previously filed a lawsuit against the Town of Chapel Hill related to her arrest on September 17, 2002, which was removed to this Court (Case No. 1:04CV189). Those claims against the Town of Chapel Hill were dismissed with prejudice on August 3, 2004 for failure to allege any basis for municipal liability. (See Memorandum Opinion and Judgment of August 3, 2004 [Document #10, 11], Case No. 1:04CV189.) Plaintiff subsequently filed a second lawsuit against, inter alia, the Town of Chapel Hill and Police Officer M. Thomas related to her September 17, 2002 arrest. That lawsuit was also removed to this Court, and was dismissed on res judicata grounds by Order dated April 28, 2005. (See Memorandum Opinion and Judgment of April 28, 2005 [Document #7, 8], Case No. 1:04CV969.). Plaintiff has now filed the present suit against Officer Thomas "in his official capacity" also related to her September 17, 2002 arrest.

Pursuant to the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d 103 (1981). A defendant may raise res judicata as a defense in a motion to dismiss if the defendant can establish (1) a final judgment on the merits in the prior suit, (2) identity of the causes of action in the two suits, and (3) identity of parties or the privies in both suits. See Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000). As to the first element applied in the present case, the Court finds that there has been a final judgment on the merits in a prior suit. As noted above, Plaintiff has pursued two previous lawsuits related to her arrest on September 17, 2002.

The first lawsuit was dismissed in a final judgment on the merits by Order of the Court on August 3, 2004. (See Memorandum Opinion and Judgment of August 3, 2004 [Document #10, #11], Case No. 1:04CV189.) The second lawsuit was also dismissed by a final judgment on April 28, 2005. (See Memorandum Opinion and Judgment of April 28, 2005 [Document #7, #8], Case No. 1:04CV969.). As to the second element, the Court finds that the claims "arise out of the same transaction or series of transactions or the same core of operative facts" as required to establish res judicata because all of the lawsuits raise the same general allegations regarding Plaintiff's September 17, 2002 arrest. See Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004).

Finally, as to the third element, the Court finds sufficient identity of the parties in the suits. In this regard, the Court notes that Plaintiff's first suit was brought against the Town of Chapel Hill, and Plaintiff's second suit was brought against, inter alia, the Town of Chapel Hill and Officer Thomas. Plaintiff in the present case now seeks to assert claims against Officer Thomas "in his official capacity as an officer for the Chapel Hill, NC police department." However, an "official capacity" suit is actually a suit against the entity of which the official is an agent. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). Therefore, the claims against Officer Thomas "in his official capacity" are actually claims, once again, against the Town of Chapel Hill. As such, there is sufficient identity of the parties to satisfy the elements of res judicata, and Plaintiff's claims are therefore subject to dismissal on that basis.

-3-

Case 1:06-cv-00026-JAB-PTS   Document 8   Filed 04/18/06   Page 3 of 4

Moreover, even to the extent Plaintiff's Complaint could be construed as asserting separate claims against Officer Thomas not included within the previous lawsuit, the Court also finds that Plaintiff's claims are barred by the statute of limitations. The Court of Appeals for the Fourth Circuit has held that North Carolina's three year statute of limitations applies to federal § 1983 claims, since § 1983 does not contain its own statute of limitations. See <u>National Advertising Co. v. City of Raleigh</u>, 947 F.2d 1158, 1162 (4th Cir. 1991); <u>Spencer v. Town of Chapel Hill</u>, 290 F. Supp. 2d 655, 659 (2003); <u>see also</u> N.C. Gen. Stat. § 1-52. This three year statute of limitations also applies to Plaintiff's state tort claims. <u>See</u> N.C. Gen. Stat. § 1-52(5) and (19). In the present case, the alleged violation of Plaintiff's rights occurred on September 17, 2002, and the Complaint was filed more than three years later, on December 12, 2005. Therefore, Plaintiff's additional attempt to assert claims against Officer Thomas in his official capacity are now also barred by the applicable statute of limitations.

Therefore, Defendant's unopposed Motion to Dismiss [Document #5] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. An Order and Judgment consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 18th day of April, 2006.

_____
United States District Judge